## Town of Plymouth *v.* Town of Mendon.

*Removal of pauper.    Motion to quash.*

It is no reason for quashing an order of removal of a pauper, that a warrant was issued by the justice, and the pauper was removed, with his own consent, by the constable, before the time for his removing himself named in the order, had expired.

Appeal from an order of removal of Lewis Sawyer and his wife, as paupers, from Plymouth to Mendon, made by two justices of the peace. The order was made October 16, 1849, and directed, that the paupers remove to Mendon on or before the nineteenth of October, 1849, and that, on failure to comply with the order, the paupers should be removed, according to the statute. The warrant was issued and bore date October 16, 1849; and the return of the constable upon it showed, that, by virtue thereof, he removed the paupers to Mendon, October 17, 1849, and lodged them, together with

their effects, with the overseer of the poor of Mendon.    In the
county court the appellants moved, that the order of removal and the
proceeedings under it be quashed, for the reason, that the warrant
was issued and delivered to the constable for service, and was by
him served by removing the paupers, in execution of the warrant,
previous to the expiration of the time, within which the paupers
were, by the order of the justices, directed to remove.    The appel-
lees replied, that the paupers were removed, by the constable, with
their consent, and at their own request and procurement.    To this
replication the appellants demurred.

The county court, May Term, 1850,—HALL, J., presiding,—ad-
judged the replication insufficient, and ordered, that the proceedings
be quashed.    Exceptions by appellees.

*Washburn & Marsh* for appellees.

The consent of the pauper makes the distinction between this
case and that of *Barnet* v. *Concord*, 4 Vt. 564,—which was decided
under the statute of 1797.    It would seem more reasonable to hold,
even under that statute, in accordance with the decision in *Shirley*
v. *Lunenburgh*, 11 Mass. 379, that the town and the pauper are sev-
eral and distinct parties, and that, the town being bound to receive the
pauper upon any day, on which he might choose to come there, after
the justices had made their order, the pauper, only, could complain,
if his personal privilege of removing voluntarily were disregarded.
But there is a marked difference between the phraseology of the
statute of 1797, and of the Revised Statutes, upon the same subject.
By the statute of 1797 the justices could not issue their warrant, un-
less the pauper refused to comply with their order; while the Re-
vised Statutes say nothing respecting the time of *issuing*, but only
the time of *service*.    Slade's Statutes 370, § 3.    Rev. St. 102, § 4.
*Georgia* v. *St. Albans*, 3 Vt. 42.    Rev. St. 501.

The warrant is executed upon the pauper, as a penalty for dis-
obeying the order.    The rights of the appellant town are in neither
case affected.    The pauper, if he had the means, might have volun-
tarily removed to Mendon on the seventeenth of October, and the
removal would have been legal, because made in strict conformity
with the order; and in that event Mendon must have appealed from
the order, or been concluded by it.    So the constable, on the same

Plymouth *v*. Mendon.

seventeenth of October, at the request of the pauper, might, *without a warrant,* have removed the pauper precisely as he did, and the removal would have been legal, for it would have been equivalent to a voluntary removal by the pauper. *Morgan* v. *Mead,* 16 Vt. 648. It would seem absurd to say, that, because he had the warrant and chose to make a return, the act is illegal, which, if he had no warrant, would have been proper.

*E. Edgerton* for appellants.

The officer, in executing the order of removal, removed the paupers before the expiration of the time allowed them by the justices to remove themselves. The removal was therefore unauthorized, and the proceedings should be quashed. *Barnet* v. *Concord,* 4 Vt. 564. Rev. St. 102, § 4. *Morgan* v. *Mead,* 16 Vt. 648.

The opinion of the court was delivered by

KELLOGG, J. The statute requires, that the justices, who make an order of removal, shall specify a time, within which the pauper shall remove himself to his place of settlement, and, upon his failing to comply with such order, the justices may, by warrant directed to a constable to be executed, cause the pauper to be removed.

Under this provision of the statute, it is insisted, that the pauper could not be legally removed, though it be by his own consent, until after the expiration of the time specified by the justices for the pauper to remove himself; and the case of *Barnet* v. *Concord,* 4 Vt. 564, is cited to sustain this position. In that case one of the causes assigned in the motion to quash the proceedings was, that the warrant of removal was issued, and the officer to whom it was directed removed the paupers, before the time, prefixed by the justices for the paupers to remove themselves, had expired. And the judge, in delivering the opinion of the court, does indeed say, " that the proceedings were irregular, in removing the pauper before the day given them by the court to remove themselves,—that the paupers might have gone out of the state and been no farther chargeable to any town,—and that the constable had no right to remove them before the day set for them to depart." The reasons assigned by the judge for holding the proceedings in that respect irregular, and as constituting sufficient ground for quashing them, are not very satisfactory to us.

Indeed, we are unable to discover any ground, upon which the opinion can be supported, unless the removal were regarded as an invasion of the rights of the paupers by a *forcible removal against their will;* and for any thing that appears, such may have been the fact in the case then before the court. But even then, we are unable to see, how the town could avail themselves of this ground to quash the proceedings. For to us it seems quite obvious, that the provision of the statute, requiring the justices to specify a time, in which the paupers shall remove themselves, was made for the benefit and convenience of the pauper. It is a privilege, which he may waive by consenting to an earlier removal; but we are unable to perceive any interest, which the town can have in the matter. The pauper clearly has the right to remove at any time, after the order is made; and whether he does this *with* or *without* the aid of the officer, it seems to us, must be matter of indifference to the town. But the case at bar is distinguishable from *Barnet* v. *Concord.* There the case does not show, that the removal of the pauper was with his consent; while in this case it stands admitted upon the record, that the removal was made with the consent and at the request and procurement of the pauper.

The case of *Morgan* v. *Mead,* 16 Vt. 648, is also relied upon, to support the judgment below. But we think no aid is to be derived from that case. The suit was to recover the penalty for bringing a poor person into a town, with intent to charge the town with his support. It appearing that the pauper had been duly ordered to remove to the plaintiff town, and that the defendant voluntarily aided him to remove within the time prescribed by, the justices, it was held, that the defendant was not liable to the penalty. And the court say, this is the only point necessary to be decided,—and in fact it was the only one decided.

It appearing to us, that the judgment of the county court is erroneous, the same is reversed.